### ROSENBERG v. LUSTGARTEN.

*(Common Pleas of New York City and County, General Term.  December 7, 1891.)*

LANDLORD AND TENANT—HOLDING OVER—LIABILITY FOR RENT.

A landlord, on being notified that his tenant would move at the end of the term, posted a notice "To let" on the premises; and three days after the expiration of the term, during which time the tenant was moving his goods, the landlord received the keys, and took possession. *Held*, that the tenant was not liable for rent for a new term, but only for the use and occupation of the premises while he held over.

Appeal from fourth district court.  Modified.

Action by Abraham Rosenberg against Harris Lustgarten.  There was judgment for plaintiff, and defendant appeals.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*John Fennell,* for appellant.  *Nathan S. Levy,* for respondent.

BOOKSTAVER, J.  This action was brought to recover rent for the month of May, 1891.  The answer was a general denial, and surrender and acceptance.  The defendant had been the tenant of plaintiff for several months before the 1st May, 1890.  From the testimony it appears that there had been some talk about an increased rent after the 1st of May, and, according to plaintiff's testimony, the defendant at first agreed to remain, but afterwards told plaintiff that he would move on the 1st of May.  No lease was executed, and it appears from plaintiff's own testimony that, although the first notice was taken down after the tenant said he would stay, yet, after his notification that he would move, the landlord either personally or through some one by his authority put up a new notice "To let," which was on the premises on the 1st of May.  It is also uncontradicted that the landlord had agreed that the defendant might take a few days to remove from the premises, and also that the tenant, on the 4th of May, 1891, gave up the keys of the premises to the house-keeper of the building, and that the plaintiff thereafter went into possession.  Where a tenant holds over, the landlord may treat him either as a trespasser or a tenant.  *Witt* v. *Mayor,* 6 Rob. (N. Y.) 451; *Schuyler* v. *Smith,* 51 N. Y. 315.  But such holding over puts the landlord to his election.  He must either accept the tenant as a tenant for a new term, or treat him as a trespasser.  He cannot do both.  If he held him as a tenant, he had no right to put up a notice "To let," and no right to take possession pending the term.  I think in this case the landlord must, from the undisputed evidence, be held to have elected to hold the defendant as a trespasser.  His acceptance of the keys and taking possession on the 4th of May was consistent with this, and inconsistent with the theory of a new term.  Hence the tenant would only be liable for use and occupation during the time he held over with the landlord's consent.  This being so, the landlord was entitled to judgment for four days' use and occupation, $5.74, with $2.50 costs, only.  *Hazeltine* v. *Weld,* 73 N. Y. 156; *Dillon* v. *Anderson,* 43 N. Y. 237.  The judgment should therefore be reduced to $8.24, including costs, and, as so reduced, should be affirmed; and, inasmuch as appellant offered to allow judgment for this amount in the court below, he should have the costs and disbursements of this appeal.